[Cite as *Don's Automotive Group, L.L.C. v. Deperrio*, 2020-Ohio-833.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

| | |
|---|---|
| Don's Automotive Group, LLC | Court of Appeals No. F-19-006 |
| Appellee | Trial Court No. CVI 1900059 |
| v. | |
| Susan Deperrio | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 6, 2020 |

* * * * *

Susan Deperrio, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Susan Deperrio, appeals the April 12, 2019 judgment of the Fulton County Court, Western District, which, following a trial to the court, found in favor of appellee, Don's Automotive Group, LLC, on its claim for unpaid automotive repair work. For the reasons that follow, we affirm.

{¶ 2} On January 29, 2019, Don's Automotive commenced this action in small claims court requesting judgment in the amount of $1,354.18, plus interest, for automotive repair work done on appellant's vehicle. Appellant, unsatisfied with the

work, stopped payment on the check.  Appellant filed a counterclaim for $6,000 contending that Don's misdiagnosed the problem and replaced a part that was not defective.  She further alleged fraud and harassment.

{¶ 3} The matter was tried to the court on April 12, 2019.  The parties, both acting pro se,[1] presented the following evidence.  Donald Hayati testified that Don's Automotive received an emergency call that a vehicle needed towed in from the turnpike.  They initially diagnosed that it needed a new transfer case; once replaced the vehicle became operable.  It was then determined that transmission work was needed.  Hayati stated that appellant then requested the bill and had the car shipped near her home in Massachusetts.  Appellant stopped payment on the check tendered for the repairs that were done.

{¶ 4} William Vanvalkenburg testified that appellant's vehicle was dropped off at the service garage on a wrecker.  It was initially in four-wheel drive though the pavement was dry.  Once in two-wheel drive it was able to be moved into the service bay.  After they installed the new transfer case, it was discovered that there was further work that needed to be done; appellant declined further repairs and had the car shipped home.  On cross-examination, Vanvalkenburg explained that he had stated to appellant that the case sounded like it had been "grenaded" or had internal failures.

{¶ 5} Service technician, Shawn Brokaw, testified that the transfer case sounded like a "rock tumbler" and that there was something loose in it.  Brokaw stated that after it

---

[1] The representative of Don's was informed that he would be unable to cross-examine witnesses because he was not an attorney and could not represent the LLC.

was replaced they were able to test the vehicle at highway speeds, but that it was still making noise. After diagnosing the problem as the transmission, the customer declined further repair.

{¶ 6} Appellant testified that when she was driving from Utah back home to Massachusetts her car began making a grinding noise. She stopped at a service plaza and determined that she needed to have the vehicle towed. Appellant stated that she telephoned a friend who is a licensed auto mechanic; he suggested putting the vehicle in four-wheel drive to see if it would move.

{¶ 7} Appellant stated that her car was towed to Don's and they indicated that they would be able to check it the next morning. She rented a car and a hotel room. The next morning, Thursday, they called and stated that the transfer case had failed. Don's found a used one for $820; appellant told them to go ahead and install the part. On Friday, they called and indicated that the vehicle was still making noise and would need a new transmission for $2,200-$2,400. Appellant stated that she declined the repair. Appellant arranged for transport of the vehicle, retrieved the transfer case removed from the vehicle, and drove the rental back to Massachusetts.

{¶ 8} Appellant stated that she was present when her mechanic opened the old, removed transfer case and that it was clean, not in pieces, and that it was functional. Appellant stated that she believed that Don's purposely misdiagnosed the problem in order to make more money. Appellant stated that she had photos and video of the part as it was opened.

3.

{¶ 9} At that point, photographs were received into evidence. Appellant and court personnel attempted to play the video with no success. The court questioned appellant about the contents of the video and concluded that because the individual narrating was not present in court for questioning, the video was inadmissible. The testimony then concluded.

{¶ 10} The court found that appellant failed to support her claims for damages but that Don's did support its claim for the part installed and labor. This appeal followed with appellant raising the following assignment of error:

> The Civil Court abused its discretion by not allowing or viewing relevant evidence that would be vital in proving that the appellee failed to follow the guidelines pursuant to the RC 1315.05, the Ohio Consumer Sales Practices Act. Evidence not allowed would have proven that several of the Administrative codes governing motor vehicle repair and service was [sic] violated by the appellee. Furthermore, the court admittedly had little to no knowledge of the subject matter of the case.

{¶ 11} Appellant's sole assignment of error asserts that the trial court erred in refusing to allow the video of the transfer case into evidence. It is well-settled that the admission or exclusion of evidence rests within the discretion of the trial court. *State v. Kirkland*, 6th Dist. Lucas No. L-12-1033, 2013-Ohio-5912, ¶ 22, citing *State v. Robb*, 88 Ohio St.3d 59, 68, 723 N.E.2d 1019 (2000). A trial court abuses its discretion when its "attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

4.

{¶ 12} At trial, the following discussion took place regarding the admission of the video:

> THE COURT: But that mechanic is not coming in today, correct?
>
> SUSAN DEPERRIO: No. But I have video of him –
>
> THE COURT: Again, if he's not here to provide the testimony * * *

I'm not going to allow him to testify by way of a video.

{¶ 13} Again, the decision to admit or deny evidence is left to the discretion of the trial court. Upon review, we cannot say that the trial court abused its discretion when it prohibited the submission of the video. Appellant's assignment of error is not well-taken.

{¶ 14} On consideration whereof, we find that appellant was not prevented from having a fair proceeding and the judgment of the Fulton County Court, Western District, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                                  JUDGE

Arlene Singer, J.       

                                                  _____
Gene A. Zmuda, P.J.                                                JUDGE
CONCUR.

                                                  _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.